## CIRCUIT COURT OF THE CITY OF RICHMOND

James Melvin Nixon, Jr.

v.

Virginia Retirement System

September 16, 2009

Case No. CL09-1210

BY JUDGE MELVIN R. HUGHES, JR.

This case is before the court on an appeal from a February 11, 2009, decision of the Virginia Retirement System (VRS) denying James M. Nixon, Jr.'s application for disability retirement benefits.

The VRS, relying on a recommendation of a Medical Board that Nixon's application be denied, concluded that Nixon's colorectal cancer diagnosed in November 2006 and treated thereafter with several treatment modalities does not satisfy the standard of disability retirement set out in Va. Code § 51.1-156(E). The statute provides in pertinent part:

> E. After a medical examination of the member or after reviewing pertinent medical records, the Medical Board shall certify that (i) the member is and has been continuously since the effective date of retirement if prior to filing of the notification, mentally or physically incapacitated for the further performance of duty, (ii) the incapacity is likely to be permanent, and (iii) the member should be retired.

Nixon has been employed as a special education teacher's assistant for the Portsmouth City Schools.

The parties have no dispute that the standard of review in this agency appeal is one of substantial evidence. *Johnston-Willis, Ltd. v. Kenley*, 6 Va. App. 231, 262-63, 508 S.E.2d 342 (1998). Applying this well-known

standard, VRS maintains that, based on the record, simply because an opposite result could obtain is not enough. See *Virginia Real Estate Comm'r v. Bias*, 226 Va. 264, 269, 308 S.E.2d 123, 125 (1971). Here, the court believes that with the applicable standard in mind, upon review of the record, reasonable minds could differ as to the outcome and thereby the appeal must fail.

The VRS relied on a January 31, 2009, physician's report of the Medical Board that Nixon was not totally and permanently disabled as, *inter alia*, the last time Nixon received treatment was in mid 2008 and that the cancer was in "remission." Following an April 2008 Medical Board report denying eligibility, a hearing officer, citing additional evidence since April 2008, concluded in September 2008, based on a hearing conducted in July of that year, that Nixon was eligible. Nixon appealed this denial and requested an independent fact finder review as provided by law. The April 2008 Medical Report referenced Nixon as having been last treated in April 2007. The additional evidence the hearing officer recited in her findings are:

(1) [t]he Physician's Report from Dr. Tucker confirms [Dr. Britt's] treatment of Mr. Nixon, as does the Discharge Summary dated July 17, 2007, from Mr. Nixon's admission to Sentara Norfolk General Hospital. That discharge summary presents a clear picture of the recurrence of Mr. Nixon's Stage III colorectal cancer. Dr. Tucker does indicate that Mr. Nixon is incapacitated for the further performance of his duty, and *that incapacity is likely to be permanent.*

(2) The Physician's Report of [Appellant's] oncologist, Dr. Shabazz, who indicated that Mr. Nixon was incapacitated for the further performance of duty, and his *incapacity is likely to be permanent.* Dr. Shabazz also notes specifically that Mr. Nixon's "long term prognosis is *very poor.*"

VRS Record 22 (emphasis in Dr. Shabazz's original report).

The record supports two points of view. On the one hand, according to Nixon, the Medical Board's finding that Nixon's cancer is in remission alone is without support of substantial evidence because there are no facts offered to support a determination of lack of permanent incapacity. All of Nixon's doctors say that he is disabled and that his disability is permanent. On the other hand, according to the January 2009 Medical Board report, the recommendation of ineligibility is based on a review of all prior medical reports and records and a CT study conducted in November 2008. The CT study occurred after the hearing officer's findings. The report opines that the

study shows no "recurrent disease" and that, importantly, other laboratory tests show no "significant disabling disease." So, this report, on which VRS' determination is based, supplies evidence of medical, non disability reasons for Nixon's ineligibility. The course of events show that Nixon's medical contacts and their import on his application are evolving. The outcome here is based on what the record shows is the latest in that evolution considered by VRS. In its February 11, 2009, final case decision denial, the VRS recites that it considered the Medical Board's recommendation and that of the hearing officer as an "independent fact finder."

Thus, there is evidence that supports VRS' determination that Nixon is not disabled. These circumstances do not require a reversal of VRS' determination because the evidence does not necessarily point to an outcome in Nixon's favor under the rules governing review by a court of an agency determination.

Accordingly, the decision of the VRS in this case will be sustained.